**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY STALEY, *on behalf of himself and on behalf of all other similarly situated individuals,* | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:26-CV-194 HEA |
| v. | ) ) ) | |
| EYECARE PARTNERS, LLC, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JESSICA THOMPSON, *individually and on behalf of all other similarly situated individuals,* | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:26-CV-228 HEA |
| EYECARE PARTNERS, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Jeffrey Staley and Jessica Thompson's unopposed motion to consolidate *Staley v. Eyecare Partners, LLC,* 4:26-CV-194 HEA, with *Thompson v. Eyecare Partners, LLC,* 4:26-CV-228 MAL. (ECF No. 10). Defendant Eyecare Partners, LLC did not file a response, and the time

to do so has passed. For the reasons that follow, the Court grants Plaintiffs' Motion to Consolidate.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides: "[i]f actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any or all maters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  A district court has broad discretion in determining whether to order consolidation.  *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). While the threshold issue is whether the proceedings involve common issues of fact or law, the Eight Circuit Court of Appeals has instructed that the purpose of consolidation is to promote convenience and economy in the administration of actions. *Id.*

After careful review of the record from the two cases, the Court finds that consolidation is appropriate.  The two cases stem from the same data breach that occurred between December 3, 2024, and January 28, 2025.  In their respective complaints, Plaintiffs Jeffrey Staley and Jessica Thompson bring many of the same claims against Defendant Eyecare Partners, LLC, including class claims, and both seek to represent the same class of individuals.  Thus, the Court finds there are common issues of law and fact and that consolidation is warranted to promote judicial efficiency.

2

Plaintiffs also ask that the Court appoint Leanna A. Loginov of Shamis & Gentile, P.A. and Robert Jimenez of Bryson, Harris, Suciu & DeMay, PLLC as Interim Co-Lead Class Counsel, and Maureen M. Brady of McShane & Brady, LLC as Interim Liaison Class Counsel.   However, Mr. Jimenez has not entered an appearance in either case, and as such, the Court will not appoint him as Interim Co-Lead Class Counsel.   As for Ms. Loginov and Ms. Brady, who are counsel of record in Case No. 4:26-CV-194 HEA, the Court has given due consideration to the relevant factors set forth in Federal Rule of Civil Procedure 23(g)(1) and (4), and it will grant Plaintiffs' request, which is unopposed. The Court will appoint Ms. Loginov as Interim Lead Class Counsel and Maureen M. Brady as Interim Liaison Class Counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Jeffrey Staley and Jessica Thompson's Motion to Consolidate is **GRANTED**.  *Staley v. Eyecare Partners, LLC,* 4:26-CV-194 HEA, is consolidated with *Thompson v. Eyecare Partners, LLC,* 4:26-CV-228 MAL. [ECF No. 10]

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket and file a copy of this Memorandum and Order in *Thompson v. Eyecare Partners, LLC,* 4:26-CV-228 MAL.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close Case No. 4:26-CV-228 MAL, and all future filings concerning either case shall be filed in Consolidated Case No. 4:26-CV-194 HEA, with the consolidated case caption as set forth above.

**IT IS FURTHER ORDERED** that Leanna A. Loginov of Shamis & Gentile, P.A. is appointed as Interim Co-Lead Class Counsel and Maureen M. Brady of McShane & Brady, LLC is appointed as Interim Liaison Class Counsel in the above captioned consolidated case pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Consolidated Class Action Complaint within 45 days of the date of this Memorandum and Order. Defendant Eyecare Partners, LLC shall have 45 days to file an answer or otherwise respond to the Consolidated Class Action Complaint.

Dated this 16th day of April, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4